**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| DAVID R. NEAL, | ) |
| | ) |
| Petitioner, | ) |
| | ) Cause No. 3:13-cv-63-PPS |
| vs. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

David R. Neal, a *pro se* prisoner, filed a habeas petition under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. (DE 1.) On March 26, 2012, Neal was found guilty of intimidation at Miami Correctional Facility ("MCF") under Cause Number MCF 12-03-059. (DE 7-1 at 1.) The sanctions imposed were disciplinary segregation, a loss of telephone and commissary privileges, and a written reprimand. (*Id.*)

The respondent moves to dismiss. (DE 6.) As the respondent points out, the disciplinary proceeding did not lengthen the duration of Neal's confinement, and so he cannot challenge it under 28 U.S.C. § 2254.[1] *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (prisoner can challenge disciplinary proceeding under 28 U.S.C. § 2254 only when the punishment imposed lengthens the duration of his confinement); *Montgomery v. Anderson*, 262 F.3d 641, 643 (7th Cir. 2001) (only a disciplinary sanction that affects the fact or duration of custody can be challenged under 28 U.S.C. § 2254). Instead, the sanctions imposed affected the severity rather

---

[1] The record reflects that Neal was originally found guilty on March 20, 2012, and among other sanctions he received a credit class demotion. (DE 1 at 12.) The case was then reheard on March 26, 2012, and Neal was again found guilty, but this time the sanctions imposed did not include a credit class demotion. (*See* DE 7-1 at 1.) At the time I set briefing, I was unaware that the disciplinary case had been reheard, since Neal only mentioned the original hearing and sanctions in his petition. (*See* DE 1 at 1, 12.)

than the duration of his custody, and "[m]ore restrictive custody must be challenged under § 1983, in the uncommon circumstance when it can be challenged at all." *Montgomery*, 262 F.3d at 644. More than sixty days have passed since the respondent filed the motion to dismiss, and Neal has not filed any response or objection to the motion. Accordingly, the petition will be dismissed.

For the reasons set forth above, the motion to dismiss (DE 7) is **GRANTED**, and the petition (DE 1) is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

ENTERED: July 12, 2013.

s/ Philip P. Simon  
PHILIP P. SIMON, CHIEF JUDGE  
UNITED STATES DISTRICT COURT